Sara B. Brody (SBN 130222)
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400
sbrody@sidley.com

Attorneys For Defendants
MERRILL LYNCH & CO., INC. AND
MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUISIANA PACIFIC CORPORATION,<br><br>  Plaintiff,<br><br>vs.<br><br>MONEY MARKET 1 INSTITUTIONAL INVESTMENT DEALER, MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, AND DEUTSCHE BANK SECURITIES INC.,<br><br>  Defendants. | Case No. C 09-03529 JSW<br><br>**RESPONSE OF DEFENDANTS MERRILL LYNCH & CO., INC. AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED TO DEUTSCHE BANK SECURITIES INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)** |

RESPONSE OF DEFENDANTS MERRILL LYNCH & CO., INC. AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED TO DEUTSCHE BANK SECURITIES INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(A); CASE NO.: C 09-03529 JSW

SF1 1538368v.1

## INTRODUCTION

On or about July 31, 2009, plaintiff Louisiana Pacific Corporation ("Plaintiff") filed the Complaint in this action, naming as defendants Merrill Lynch & Co., Inc. ("ML & Co.") and Merrill Lynch, Pierce, Fenner and Smith Incorporated ("MLPFS," and with ML & Co., the "Merrill Lynch Defendants"), Deutsche Bank Securities Inc. ("DBSI"), and Money Market 1 Institutional Dealer ("MM1"). On August 14, 2009, the Merrill Lynch Defendants filed a Notice of Tag-Along Action with the United States Judicial Panel on Multidistrict Litigation (the "MDL Panel"), seeking to transfer this action for coordinated or consolidated pretrial proceedings with four previously consolidated actions, captioned *In re Merrill Lynch Auction Rate Securities Litigation*, 1:08-cv-3037-LAP; *Community Trust Bank, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1:09-cv-5403-LAP; *Louisiana Stadium & Exposition District, et al. v. Financial Guaranty Ins. Co., et al.*, 1:09-cv-5404-LAP; and *The Cooperative Bank, et al., v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1:09-cv-5405-LAP (the "Centralized Actions"), currently pending before the Honorable Loretta A. Preska in the United States District Court for the Southern District of New York (the "Southern District of New York").

On September 1, 2009, the Clerk of the MDL Panel entered a Conditional Transfer Order finding that it appears that this action involves questions of fact that are common to the Centralized Actions. Following entry of the Conditional Transfer Order, on September 15, 2009, DBSI filed a Notice of Opposition to Conditional Transfer Order ("Opposition Notice"), and on September 30, 2009 filed a Motion to Vacate the Conditional Transfer Order ("Motion to Vacate"), contending that the allegations in this action are sufficiently different from the Centralized Actions to merit separate treatment. No other party objected to the MDL transfer. The response by the Merrill Lynch Defendants in favor of transfer is due by October 21, 2009, and DBSI's reply is due by October 28, 2009, after which time the MDL Panel will render a decision on whether this action will be coordinated or consolidated with the Centralized Actions. On September 24, 2009, a week after filing its Opposition Notice, DBSI filed this Motion to Transfer

RESPONSE OF DEFENDANTS MERRILL LYNCH & CO., INC. AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED TO DEUTSCHE BANK SECURITIES INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(A); CASE NO.: C 09-03529 JSW
-1-

Venue Pursuant to 28 U.S.C. Section 1404(a) ("Motion to Transfer").

In light of the pending MDL Conditional Transfer Order and the potential coordination or consolidation of this action with the Centralized Actions at some point after October 28, 2009, and in the interest of judicial economy, the Merrill Lynch Defendants respectfully submit that it would be prudent to wait until the MDL Panel has rendered its decision on consolidating this action with the Centralized Actions before deciding DBSI's Motion to Transfer. In the event that the MDL Panel determines to vacate the Conditional Transfer Order, then Merrill Lynch respectfully requests an opportunity to be heard on this motion.

## ARGUMENT

The Merrill Lynch Defendants believe that this action should be consolidated with the Centralized Actions because it "pose[s] common questions of fact." 28 U.S.C. § 1407(a). Further, consolidation would "eliminate duplicative discovery, prevent inconsistent pretrial rulings, . . . and conserve the resources of the parties, their counsel and the judiciary." *In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, 408 F. Supp. 2d 1354, 1355 (J.P.M.L. 2005). The MDL transfer already is pending, the Conditional Transfer Order has issued and the parties are mid briefing DBSI's objection to the transfer. It is appropriate that the MDL Panel has the opportunity to decide whether this action should be consolidated with the existing Centralized Actions before this Court rules on this motion.

The Court need not take action on this motion before the MDL Panel has had the opportunity to render a final decision on the Conditional Transfer Order. DBSI's pending Motion to Vacate the Conditional Transfer Order, which DBSI instituted *before* making this motion, will be fully briefed and ready for consideration by the MDL Panel on October 28, 2009. It would be prudent and efficient to allow the MDL Panel to make a final decision on the Conditional Transfer Order before the parties brief and this Court considers this transfer motion. A ruling on this Motion to Transfer before the MDL Panel renders a final decision on the Conditional Transfer Order would create unnecessary

1  procedural complications for the parties to this action.  Likewise, if this Court grants
2  DBSI's Motion to Transfer and the MDL Panel subsequently consolidates this action
3  with the Centralized Actions, the parties and various courts would have to expend more
4  energy dealing with these procedural complications.  Therefore, Merrill Lynch
5  respectfully requests the Court to wait to rule on the Motion to Transfer until the MDL
6  Panel renders a decision as to whether this action will be consolidated with the
7  Centralized Actions, at which time this motion either will be mooted or may be decided
8  in a clear procedural context.
9         Since the briefing on the Objection to the Conditional Transfer will be completed
10 before the end of this month, the MDL Panel likely will resolve very soon the question of
11 whether this is a proper case to be part of the Centralized Actions.  Thus, DBSI would not
12 be prejudiced by any delay in ruling on the Motion to Transfer as it would be of modest
13 duration, one that is negligible when compared to the considerable resources that would
14 be wasted by this Court and the parties if this action is transferred to the Southern District
15 of New York and then is also consolidated with the Centralized Actions by the MDL
16 Panel.  Therefore, it makes little sense for this Court to render a decision at this time on
17 the Motion to Transfer, when holding such decision in abeyance will save time and
18 resources for the courts and all the parties involved.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

# CONCLUSION

Accordingly, the Merrill Lynch Defendants request that this Court delay ruling on DBSI's Motion to Transfer until the MDL Panel has rendered its decision on the pending Motion to Vacate.  In the event that the MDL Panel grants that motion, vacating the Conditional Transfer Order, the Merrill Lynch Defendants request an opportunity to be heard on this Motion at that time.

Dated:  October 16, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP

By: _____*/s/ Sara B. Brody*_____
       SARA B. BRODY

Of counsel:

Andrew W. Stern
Alex J. Kaplan
astern@sidley.com
ajkaplan@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Avenue
New York, New York  10019
Telephone:       (212) 839-5300
Facsimile:         (212) 839-5599

Attorneys For Defendants
MERRILL LYNCH & CO., INC. AND
MERRILL LYNCH, PIERCE, FENNER
& SMITH INCORPORATED