JUDGE PRESKA

A CERTIFIED TRUE COPY
ATTEST
By Denise Morgan-Stone on Dec 01, 2009

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

09 CV 9887

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Dec 01, 2009

FILED
CLERK'S OFFICE

FILED
DEC - 8 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

SDNY 12/2/09

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: MERRILL LYNCH & CO., INC.,
AUCTION RATE SECURITIES (ARS)
MARKETING LITIGATION

Louisiana Pacific Corp. v. Money Market 1 Institutional
  Investment Dealer, et al., N.D. California,
  C.A. No. 3:09-3529  JSW
The Anschutz Corp. v. Merrill Lynch & Co., Inc., et al.,
  N.D. California, C.A. No. 3:09-3780

MDL No. 2030

**TRANSFER ORDER**

**Before the entire Panel**[*]: Defendant Deutsche Bank Securities Inc. (DBSI) moves pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), asking the Panel to vacate its orders conditionally transferring the actions to the Southern District of New York for inclusion in MDL No. 2030. Plaintiffs in both actions support the motions to vacate. Merrill Lynch defendants[1] oppose the motions and, alternatively, suggest separation and remand of the claims involving DBSI securities to the Northern District of California. DBSI does not oppose Merrill Lynch's alternative suggestion, while plaintiffs oppose the idea.

After considering all argument of counsel, we find that these actions involve common questions of fact with the actions in this litigation previously transferred to the Southern District of New York, and that transfer of both actions to the Southern District of New York for inclusion in MDL No. 2030 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Southern District of New York was a proper Section 1407 forum for actions arising from allegations that Merrill Lynch entities and/or its employees made misrepresentations or omissions in the context of the sale of auction rate securities (ARS). Particularly, plaintiffs in the centralized actions allege that, *inter alia*, Merrill Lynch failed to disclose that (1) ARS were not cash alternatives similar to money market funds, and (2) the ARS sold by Merrill Lynch were only liquid

---

[*] Judges Heyburn and Trager took no part in the disposition of this matter.

[1] Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively Merrill Lynch).

A CERTIFIED COPY
J. MICHAEL McMAHON,            CLERK

By _____
        DEPUTY CLERK

because, at the time of sale, Merrill Lynch and other broker-dealers artificially supported and manipulated the market to maintain the appearance of liquidity and stability. *See In re Merrill Lynch & Co., Inc., Auction Rate Securities (ARS) Marketing Litigation (No. II)*, 626 F.Supp.2d 1331, 1332 (J.P.M.L. 2009).

DBSI and plaintiffs argue against transfer that, *inter alia*, the ARS at issue in their actions are distinct from the traditional ARS at issue in the centralized proceedings. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with this argument. The allegations in both actions arise from the same factual core as the previously centralized MDL No. 2030 actions regarding Merrill Lynch's role in selling ARS (in particular, Merrill Lynch's alleged representations that ARS were liquid alternatives to money market funds and allegations that Merrill Lynch artificially supported and manipulated the market for ARS). Transfer under Section 1407 carries the benefit of placing related actions before a single judge who can: (1) allow discovery with respect to any individual issues to proceed concurrently with pretrial proceedings on common issues, *In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373, 1375 (J.P.M.L. 2004); and (2) ensure that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Upon close examination by the transferee judge, claims in the two actions may become appropriate for Section 1407 remand in advance of other actions pending in MDL No. 2030. Should the circumstances regarding any action in MDL No. 2030 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable, then remand to the transferor court is available with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

We further find that plaintiffs' claims relating to DBSI ARS, while similar to those concerning Merrill Lynch ARS, do not share sufficient questions of fact with claims regarding Merrill Lynch ARS to warrant inclusion of the former in MDL No. 2030 proceedings. Inclusion of the DBSI ARS claims would needlessly entangle the litigation in tangential or unrelated issues.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Loretta A. Preska for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

- 3 -

IT IS FURTHER ORDERED that claims regarding DBSI ARS in these actions are simultaneously remanded to the Northern District of California.

                              PANEL ON MULTIDISTRICT LITIGATION

                              _____

                                    Robert L. Miller, Jr.
                                    Acting Chairman

John G. Heyburn II, Chairman[*]      Kathryn H. Vratil
David R. Hansen                          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.                   David G. Trager[*]

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212) 805-0646

**RECEIVED**

DEC − 8 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

J. Michael McMahon
Clerk
USDC N.D. OF CALIFORNIA

Date: 12/02/2009

In Re: MERRILL LYNCH & CO. INC.
AUCTION RATE SEC.
MARKETING LITIGATION
MDL   2030

Your Docket #
3:09-3529

S.D. OF N.Y.
09 CV 9887

Dear Sir:

    Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge PRESKA for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

    Please return the copy of this letter when transmitting a CERTIFIED COPY OF THE DOCKET SHEET. We will retrieve the documents using our Pacer system. Please note we DO NOT utilize the CM/ECF transfer function.

Sincerely,
J. Michael McMahon

By: PHYLLIS ADAMIK
MDL Unit
(212) 805-0646

UNITED STATES DISTRICT COURT
Southern District of New York
Office of the Clerk
500 Pearl Street
New York, N.Y. 10007
(212) 805-0646

**RECEIVED**

DEC - 8 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

J. Michael McMahon
Clerk
USDC N.D. OF CALIFORNIA

Date: 12/02/2009

In Re: MERRILL LYNCH & CO. INC.
AUCTION RATE SEC.
MARKETING LITIGATION
MDL   2030

Your Docket #
3:09-3529

S.D. OF N.Y.
09 CV 9887

Dear Sir:

    Enclosed is a certified copy of the order of the Judicial Panel on Multidistrict Litigation, transferring the above entitled action presently pending in your court, to the Southern District of New York and assigned to Judge PRESKA for coordinated or consolidated pretrial processing pursuant to 28 USC 1407.

    Please return the copy of this letter when transmitting a CERTIFIED COPY OF THE DOCKET SHEET. We will retrieve the documents using our Pacer system. Please note we DO NOT utilize the CM/ECF transfer function.

Sincerely,
J. Michael McMahon


By: PHYLLIS ADAMIK
MDL Unit
(212) 805-0646