IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUISIANA PACIFIC CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>MONEY MARKET 1 INSTITUTIONAL<br>INVESTMENT DEALER, ET AL.,<br><br>    Defendants.<br>_____/ | No. C 09-03529 JSW<br><br>**ORDER DENYING MOTION TO TRANSFER** |

Now before this Court is the motion filed by Defendant Deutsche Bank Securities Inc. ("Deutsche Bank") to transfer venue pursuant to 28 U.S.C. § 1404(a). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for March 5, 2010 is VACATED. Having carefully reviewed the parties' papers, considered their arguments and the relevant authority, and good cause appearing, the Court hereby DENIES Deutsche Bank's motion to transfer.[1]

**BACKGROUND**

Plaintiff Louisiana Pacific Corporation ("LP") originally brought this auction rate securities action against Deutsche Bank and Money Market 1 Institutional Investment Dealer ("MM1"), as well as Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Incorporated (collectively, "Merrill Lynch Defendants"). On December 8, 2009, the Judicial Panel on Multidistrict Litigation transferred LP's claims against the Merrill Lynch Defendants

___
[1] Deutsche Bank's request for judicial notice is GRANTED. *See* Fed. R. Evid. 201.

to the Southern District of New York. Deutsche Bank now seeks to transfer LP's remaining claims against it and MM1 to the Southern District of New York pursuant to 28 U.S.C. § 1404(a).

The Court will address additional facts as required in the analysis.

## ANALYSIS

**A.  Motion to Transfer Venue.**

Deutsche Bank seeks to have the Court transfer this action to the Southern District of New York. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice. An action "might have been brought" in a court that: (1) is able to exercise personal jurisdiction over the defendants, (2) has subject matter jurisdiction over the claim, and (3) would be a proper venue. *See Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960). The burden is on the moving party to demonstrate that the action should be transferred. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Deutsche Bank contends that venue is proper because the Southern District of New York has general jurisdiction over both it and MM1. Due process requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). If the defendant has "substantial" or "continuous and systematic" contacts with the forum state, the defendant is subject to general jurisdiction. *Id.* (quoting *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1287 (9th Cir. 1977)). The standard for establishing general jurisdiction is "fairly high" and "requires that the defendant's contacts be of the sort that approximate physical presence in the state." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

The Court considers several factors when determining general jurisdiction, including "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated

there." *Id*. "It is the nature and extent of the contacts that determines whether they are 'substantial' or 'continuous and systematic.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006). "Longevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets are among the indicia of such a presence." *Id*.

For venue purposes, the Southern District of New York does not have general jurisdiction over MM1 because MM1 does not have continuous and systematic contacts there. To support its argument that venue is proper in the New York, Deutsche Bank relies solely on the fact that for a period of four years, one of MM1's five employees worked in New York. Deutsche Bank provides no evidence regarding what this employee actually did in New York or how much business MMI conducted in New York. Nor does Deutsche Bank address whether MMI designated an agent for service of process in New York or held a license there.

Courts have found corporations with significantly more contacts in a state to lack general jurisdiction. *See Cubbage v. Merchent*, 744 F.2d 665, 667-68 (9th Cir. 1984) (finding no general jurisdiction in California over defendant hospital with 16 of its 87 employees and 26 percent of its patients were residents of California and where defendant advertised in telephone directory distributed in California, applied for and was issued California Medi-Cal numbers for its doctors, and received reimbursement from California for patients covered under the Medi-Cal program); *Golden Valley Grape Juice and Wine v. Centrisys Corp.*, 2009 WL 4828743, *3 (E.D. Cal. Dec. 9, 2009) (finding no general jurisdiction in California where defendant sold products in California, had a sales office and an agent for service of process in California, and shipped goods directly to sales office in California); *Krauss Craft, Inc. v. Ross Recreational Equip. Co.*, 2009 WL 367521, *3-4 (D.Or. Feb. 12, 2009) (finding no jurisdiction in Oregon where defendant secured business licenses in two Oregon communities, obtained Oregon workers compensation insurance through an Oregon based company, advertised for Oregon customers listing an Oregon address and telephone number, had offices in both Eugene and Portland at different times, was registered to do business in Oregon and listed an Oregon registered agent).

In support of its position that the Southern District of New York may exercise general jurisdiction over MM1, Deutsche Bank relies on an out of district case from the Eastern District of Michigan. *See Dorsey v. American Golf Corp.*, 98 F. Supp. 2d 812 (E.D. Mich. 2000). In *Dorsey*, the court found general jurisdiction over a defendant corporation that managed seven golf courses in Michigan, maintained an unspecified number of employees in Michigan, and was the managing partner of a Michigan corporation. *Id*. at 815. Without much analysis, the court found that such activities demonstrated that the defendant corporation conducted a continuous and systematic part of its general business in Michigan. *Id*. The Court finds that *Dorsey* is not persuasive. Moreover, even to the extent the Court were to consider *Dorsey*, the defendant's activities in Michigan in that case were more substantial than MM1's activities in New York. Therefore, MM1's contacts are not sufficient for Deutsche Bank to meet its burden of demonstrating that venue is proper in the Southern District of New York based on general jurisdiction.[2] Because the Court finds that Deutsche Bank fails to demonstrate the threshold requirement that this action could have been brought in the Southern District of New York, the Court DENIES Deutsche Bank's motion to transfer.

**CONCLUSION**

For the foregoing reasons, the Court DENIES Deutsche Bank's motion to transfer

**IT IS SO ORDERED.**

Dated: March 22, 2010

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] In its reply brief, Deutsche Bank cites *Livingston v. Weis, Voisin, Cannon, Inc.*, 294 F. Supp. 676, 681 (D.N.J. 1968) for the proposition that the "transacting business" provision of section 27 of the Securities Exchange Act has even a broader meaning than the venue provision in 28 U.S.C. § 1391. However, after the court in *Livingston* noted that some courts had found that "transacting business" was a less exacting standard than the "doing business" or "minimum contacts" standard, the found that such line of cases was made invalid a subsequent Supreme Court case. *Id*. at 681-82. The holding of *Livingston* is that "the 'transacting business' standard of Section 27 of the Securities Exchange Act is co-extensive with the 'minimum contacts' test." Therefore, Deutsche Bank's reliance on *Livigston* is misplaced.

4