MORGAN, LEWIS & BOCKIUS LLP
JAMI WINTZ MCKEON, State Bar No. 237923
ELIZABETH A. FROHLICH, State Bar No. 195454
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
jmckeon@morganlewis.com
efrohlich@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
CHRISTIAN J. MIXTER
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: 202.739.3000
Fax: 202.739.3001
cmixter@morganlewis.com

Attorneys for Defendant
Deutsche Bank Securities Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LOUISIANA PACIFIC CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MONEY MARKET 1 INSTITUTIONAL INVESTMENT DEALER, MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, AND DEUTSCHE BANK SECURITIES INC.,<br><br>Defendants, | Case No. C 09 03529 JSW<br><br>**STIPULATED [PROPOSED] PROTECTIVE ORDER**<br><br>Ctrm: 11<br>Judge: Hon. Jeffrey S. White<br><br>Compl. filed: July 31, 2009<br>First Amend. Compl. filed: March 8, 2010<br>Second Amend. Compl. filed: May 20, 2011<br><br>**DEMAND FOR JURY TRIAL** |

Case No. C 09 03529 JSW

STIPULATED [PROPOSED] PROTECTIVE ORDER

Plaintiff Louisiana Pacific Corporation ("Plaintiff") and Defendant Deutsche Bank Securities Inc. ("DBSI") by and through their counsel of record, hereby stipulate to a protective order ("Protective Order") governing the production of information and documents in this matter. Defendant Money Market 1 Institutional Investment Dealer ("MM1") has filed for Chapter 7 bankruptcy protection. Accordingly, LP and DBSI understand that all proceedings against MM1 have been stayed:

1. <u>Purposes and Limitations</u>: Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter this Stipulated Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Paragraph 13, below, that this Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. <u>Definitions</u>: As used in this Protective Order:

    (a) "Designating Party" means any Party who designated Material as "Confidential" and/or "Attorney's Eyes Only."

    (b) "Material" means any document, testimony (including deposition testimony), physical objects, or information in any form or medium whatsoever, including transcripts, exhibits, recordings, electronic files, disclosures and/or written discovery responses.

    (c) "Producing Party" means any Party who provided Material in discovery, as related to that Material.

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

1

Case No. C 09 03529 JSW

STIPULATED [PROPOSED] PROTECTIVE ORDER

DB2/ 23018724.1

(d) "Confidential Information" means Material designated as "Confidential" and any summaries, copies, abstracts, or other documents derived in whole or in part from Material designated as "Confidential."

(e) "Attorney's Eyes Only Information" means Material designated as "Attorney's Eyes Only" and any summaries, copies, abstracts, or other documents derived in whole or in part from Material designated as "Attorney's Eyes Only."

(f) "Outside Counsel" means U.S. outside counsel of record in the above captioned case, and other attorneys working at their respective law firms.

(g) "Expert" means any person with specialized knowledge or expertise in a matter relevant to the litigation that has been retained by a Party to this litigation or their Outside Counsel as an expert witness or a consultant in this action.

(h) "Non-Party" means any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

(i) "Party Witness" means any current or former director, officer, employee, or agent of a Party to this action.

3. <u>Scope</u>: The protections conferred by this Protective Order cover not only Material designated as "Confidential" and/or "Attorney's Eyes Only," but also (i) any information reproduced copied or extracted therefrom, (ii) all copies, excerpts, summaries, or compilations thereof, and (iii) testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Material designated as "Confidential" and/or "Attorney's Eyes Only" information. This Protective Order shall be fully applicable to material produced by or testimony taken of any Non-Party, and any Non-Party from whom discovery is sought shall be entitled to designate material and testimony as "Confidential" and/or "Attorney's Eyes Only" pursuant to the terms of this Protective Order.

4. <u>Confidential Information</u>: Any Party may designate as "Confidential" all or portions of any Material, provided however that no Party may designate as "Confidential" any Material produced by another Party. Such designation shall constitute a representation by the Designating Party that he, she or it, in good faith, believes that the Material so designated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2  Case No. C 09 03529 JSW
STIPULATED [PROPOSED] PROTECTIVE ORDER
DB2/ 23018724.1

contains or constitutes at the time of the designation: (a) competitively sensitive or proprietary information, including information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c); (b) non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; (c) non-public business or financial strategies, business plans, strategic plans, sales and marketing plans, marketing surveys, earnings or other financial projections, contracts or agreements, including any documentation that is considered confidential or proprietary under other confidentiality or non-disclosure agreements; and/or (d) information protected by the right of privacy and/or any applicable privilege, including private consumer information (whether of a Non-Party or a Party) that contains identifying, contact or private financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers that is derived using nonpublic personal information.

5. <u>Attorney's Eyes Only Information</u>: Any Producing Party may designate as "Attorney's Eyes Only" all or portions of any Material, provided however that no Party may designate as "Attorney's Eyes Only" any Material produced by another Party. Such designation shall constitute a representation by the Designating Party that he, she or it, in good faith, believes that the Material so designated contains or constitutes at the time of the designation: (a) competitively sensitive or proprietary information, including trade secrets, research, analysis, development, financial or other commercial information of a non-public nature, non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation; non-public business or financial strategies, business plans, strategic plans, sales and marketing plans, marketing surveys, earnings or other financial projections, contracts or agreements, including any documentation that is considered confidential or proprietary under other confidentiality or non-disclosure agreements and/or information protected by the right of privacy and/or any applicable privilege; <u>and</u> (b) the disclosure of such document or information to another Party or Non-Party, would create a substantial risk of serious harm or

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DB2/ 23018724.1

injury that could not be avoided by a less restrictive designation. Materials designated as "Attorney's Eyes Only" may not be used for any business or commercial purpose or any purpose unrelated to the prosecution or defense of this litigation.

6. <u>Labeling of Confidential and/or Attorney's Eyes Only Information</u>: "Confidential" or "Attorney's Eyes Only" Material shall be designated and marked in the following manners:

(a) <u>Documents</u>: The Designating Party may designate documents as "Confidential" or "Attorney's Eyes Only" by producing or serving copies of the document marked with a legend reading "Confidential" or "Attorney's Eyes Only" (or "AEO"), as applicable, preferably in the lower right hand corner.

(b) <u>Magnetic media</u>: Where materials are produced in a magnetic medium (such as a CD, floppy diskette or tape), the CD, diskette tape or other medium container shall be marked as set forth in paragraph 5(a) above.

(c) <u>Physical exhibits</u>: Physical exhibits shall be marked by placing a label on the exhibits as set forth in paragraph 5(a) above.

(d) <u>Deposition testimony</u>: Testimony taken at a deposition may be designated as "Confidential" or "Attorney's Eyes Only" by counsel for any Party who makes a statement to that effect on the record at the deposition, or alternatively, by notifying all Parties to the actions in writing that specific testimony, identified by page and line numbers, is "Confidential" or "Attorney's Eyes Only," within thirty (30) business days of counsel's receipt of the deposition transcript. Any portion of a deposition transcript designated as "Confidential" and/or "Attorney's Eyes Only," or any exhibit thereto designated as "Confidential" and/or "Attorney's Eyes Only," shall be bound separately and treated in accordance with the terms of this Protective Order.

7. <u>Disclosure And Use Of Confidential Information</u>: Confidential Information and/or Attorney's Eyes Only Information shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) unless in accordance with the terms of this Stipulation and Protective Order. Such information and Material may be used only in connection

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

Case No. C 09 03529 JSW

STIPULATED [PROPOSED] PROTECTIVE ORDER

DB2/ 23018724.1

1   with the prosecution or defense of the above-captioned action and not for any other pending or

2   threatened litigation, or any other business or other purpose whatsoever, unless obtained through

3   subpoena, request for production of documents or summons in another proceeding pending before

4   a court of competent jurisdiction.  If any Party hereto receives a subpoena, request for production

5   of documents or summons for production of any Material marked by another Party as

6   "Confidential" or "Attorney's Eyes Only" in this case, the Party receiving the subpoena, request

7   for production of documents or summons shall promptly in writing notify the Designating Party

8   of the subpoena, request for production of documents or summons in the manner described in

9   paragraph 20 below.

10        8.   <u>Qualified Persons to Receive Confidential Information</u>:  The following persons

11   (hereinafter called "Qualified Persons to Receive Confidential Information") shall be the only

12   persons who will be permitted to have access to Confidential Information:

13        (a)   The Court and its personnel;

14        (b)   Counsel for each Party in this case, including Outside Counsel and in-

15   house counsel that is providing legal services in connection with this action, and such

16   counsel's staff to whom it is necessary that Materials be disclosed for purposes of this

17   litigation, including secretaries, paralegals and document clerks;

18        (c)   Each Party, and any director, officer, employee or agent of a Party

19   requested by that Party or any of its attorneys to work on this action and any Party

20   Witness noticed for deposition or subpoenaed for testimony at trial;

21        (d)   Any Non-Party witness or potential Non-Party witness in this litigation and

22   his or her counsel, may be provided with a copy of any document(s) designated as

23   "Confidential" only for their review in preparation for or during their deposition or in

24   preparation for their testimony at trial or a hearing in this litigation, and only to the extent

25   that: (a) counsel for the Party providing the document(s) believes in good faith that such

26   Non-Party witness or potential Non-Party witness authored, received, or has previously

27   viewed each such document; or (b) disclosure to the deponent or witness has been ordered

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case No. C 09 03529 JSW

STIPULATED [PROPOSED] PROTECTIVE ORDER

DB2/ 23018724.1

by the Court. Upon completion of the review pursuant to this subsection, the document(s) shall be returned to counsel for the supplying Party;

  (e) Outside commercial copying and electronic discovery services;

  (f) Experts, including their staff to whom it is necessary that Materials be disclosed for purposes of this litigation, but only to the extent necessary for such Experts to perform their assigned tasks in connection with this litigation;

  (g) Mediators, arbitrators, or similar outside parties and their staffs enlisted by all Parties to assist in the resolution of this matter;

  (h) Certified Court Reporter(s) employed in these actions; and

  (i) Any other person to whom the Parties agree in writing.

9. <u>Qualified Persons to Receive Attorney's Eyes Only Information</u>: The following persons (hereinafter called "Qualified Persons to Receive Attorney's Eyes Only Information") shall be the only persons who will be permitted to have access to Attorney's Eyes Only Information:

  (a) The Court and its employees;

  (b) Counsel for each Party in this case, including Outside Counsel and in-house counsel, that is providing legal services in connection with this action, and such counsel's staff to whom it is necessary that Materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks;

  (c) Any Party Witness noticed for deposition or subpoenaed for testimony at trial may be shown Attorney's Eyes Only Information designated as such by that Party;

  (d) Any Non-Party witness or Party Witness, either noticed for deposition or subpoenaed for testimony at trial in this litigation, may be provided with a copy of any document(s) designated by another Party as "Attorney's Eyes Only" only for their review in preparation for or during their deposition or in preparation for their testimony at trial or a hearing in this litigation, and only to the extent that: (a) counsel for the Party providing the document(s) believes in good faith that such Party or Non-Party witness authored, received, or has previously view each such document; or (b) disclosure to the deponent or

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

6 Case No. C 09 03529 JSW
STIPULATED [PROPOSED] PROTECTIVE ORDER
DB2/ 23018724.1

witness has been ordered by the Court. Upon completion of the review pursuant to this subsection, the document(s) shall be returned to counsel for the supplying Party;

    (e)    Outside commercial copying and electronic discovery services;

    (f)    Experts, including their staff to whom it is reasonably necessary that Materials be disclosed for purposes of this litigation, but only to the extent necessary for such Experts to perform their assigned tasks in connection with this litigation;

    (g)    Certified Court Reporter(s) employed in these actions to whom disclosure is reasonably necessary for rendering services in this litigation;

    (h)    Mediators, arbitrators, or similar outside parties and their staffs enlisted by all Parties to assist in the resolution of this matter; and

    (i)    Any other person to whom the Parties agree in writing.

10.    <u>Notice and Acknowledgement of Protective Order</u>:

    (a)    Every Qualified Person to whom Confidential Information, Attorney's Eyes Only Information, and/or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Protective Order.

    (b)    Before any disclosure of Confidential Information and/or Attorney's Eyes Only Information is made to a Qualified Person pursuant to paragraphs 8(d), (f), (g), (h) and (i) and all person receiving Attorneys' Eyes Only Information under paragraphs 9(d), (f), (g), (h), and (i), Outside Counsel for the supplying Party shall: (a) provide the Qualified Person with a copy of this Protective Order; (b) explain its terms; and (c) obtain the Qualified Person's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms. All such Qualified Persons to whom disclosure of Confidential Information and/or Attorney's Eyes Only Information is intended shall confirm their understanding and agreement to abide by the terms of this Protective Order by signing a copy of the acknowledgement attached as Exhibit A.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No. C 09 03529 JSW

STIPULATED [PROPOSED] PROTECTIVE ORDER

DB2/ 23018724.1

        (c)    Counsel for each Party shall maintain copies of all Acknowledgments executed by those who have access to Confidential Information or Attorney's Eyes Only Information pursuant to paragraphs 8(d), (f), (g), (h) and (i) and 9(d), (f), (g), (h) and (i). All such Acknowledgements shall be retained for a period of one year following the final termination of this action, including appeals, and shall be made available to other parties upon good cause shown.

11.    <u>Deposition Transcripts</u>:  A Party may designate some or all of the transcript of a deposition as "Confidential" or "Attorney's Eyes Only" by indicating on the record at the deposition that the testimony contains or reflects Confidential Information or Attorney's Eyes Only Information or by notifying all Parties in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which are confidential. Each Party shall attach a copy of such written statement to the back of the transcript and each copy thereof in its possession, custody or control. Each deposition shall be treated as Confidential Information for a period of thirty (30) days after a full and complete transcription of such deposition is available. In the event of different designations for the same text, the Parties will confer to reach agreement on the appropriate designation, as set forth in paragraphs 4 and 5 and may seek Court intervention if necessary to resolve any disagreement. Until the issue is resolved, the transcript portions at issue shall be treated as the most restrictive designation made by anyone.

12.    <u>Attendance At Depositions</u>:  If a deposition concerns Confidential and/or Attorney's Eyes Only Information, the Producing Party shall have the right to exclude from the portion of the deposition concerning such information any person not authorized in accordance with paragraphs 8 or 9, as applicable, to have access to such material, subject to the following procedures: A Party's Outside Counsel may designate a Party representative to attend any deposition. Outside Counsel of any Party intending to bring a Party representative who is not authorized in accordance with paragraphs 8 or 9, as applicable, to have access to Confidential Information and/or Attorney's Eyes Only Information shall inform all other Outside Counsel of the identity and title, including business unit or department if applicable, of the Party representative at least fifteen (15) court days prior to the deposition.

Outside Counsel for the Party representative designated pursuant to this paragraph shall: (a) provide the Party representative with a copy of this Protective Order; (b) explain its terms; and (c) obtain the Party representative's written agreement, in the form of Exhibit A hereto, to comply with and be bound by its terms. Any such Party representative shall confirm his or her understanding and agreement to abide by the terms of this Protective Order by signing a copy of the acknowledgement attached as Exhibit A.

If the designated Party representative is not authorized in accordance with paragraph 9 above to have access to Attorney's Eyes Only Information, any Party that has produced Attorney's Eyes Only Information shall have five (5) court days after receipt of notice given pursuant to this paragraph to object to the presence of the Party representative at the portion of the deposition during which its Attorney's Eyes Only Information may be disclosed or introduced. If such an objection is made by a Producing Party, the Parties shall try first to meet and confer to resolve such dispute in good faith. In the course of this meet and confer, Outside Counsel for the Party designating a Party representative shall identify all documents or other materials containing the objecting Party's Attorney's Eyes Only Information that Outside Counsel intends to use at such deposition without the exclusion of the designated Party representative. If the dispute cannot be resolved, the Party designating a Party representative, after giving notice to all Parties, may apply to the Court for a ruling that the Party representative be allowed to attend the deposition during which Attorney's Eyes Only Information will be presented.

13. <u>Hearings and Trial</u>: If any Party wishes to make use of Confidential and/or Attorney's Eyes Only Information at any hearing or trial, that Party shall provide the Designating Party with an identification of those materials at least ten (10) court days before the hearing or trial so that the Parties may confer on the issue in advance of any such hearing or trial. The Parties reserve the right to seek additional protective relief from the Court in connection with any such hearing or trial.

14. <u>Filing Confidential Information and/or Attorney's Eyes Only Information Under Seal</u>: Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action

any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

15. Inadvertent Production of Privileged or Confidential Information:

(a) If information subject to a claim of attorney-client privilege, attorney work product immunity or any other legal privilege protecting information from discovery is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product immunity or other ground for withholding production to which the Producing Party or other person otherwise would be entitled, provided that the Producing Party identifies in writing that the inadvertently produced material is subject to a claim of immunity or privilege within ten (10) calendar days of discovery of the inadvertent production or within ten (10) calendar days of receiving notice from another party of potential inadvertent production. Upon a written claim of inadvertent production, the Receiving Party having custody of the inadvertently produced material shall return to the Producing Party that material and all copies or reproductions thereof of which that Receiving Party is aware in whatever form these materials exist, and that information may not be used for any purpose. The Receiving Party may subsequently move the Court for an order compelling production of the material in accordance with Rule 26(b)(5)(B).

(b) Inadvertent failure to designate any Material which a Producing Party claims should be Confidential Information will not be deemed a waiver of the right to make that designation. In the event that the Producing Party fails to stamp or otherwise designate Material as "Confidential" and/or "Attorney's Eyes Only" at the time of its production," or if a Party stamps or otherwise designates Material as "Confidential" only, rather than both "Confidential" and "Attorney's Eyes Only" as intended, at the time of its production, the Producing Party may thereafter stamp or otherwise designate the Material as "Confidential" and/or "Attorney's Eyes Only." The initial failure to so mark or designate the Material at the time of production shall not be deemed a waiver of its confidentiality. The Producing Party may designate the Material, after its production, as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

Case No. C 09 03529 JSW

STIPULATED [PROPOSED] PROTECTIVE ORDER

DB2/ 23018724.1

either "Confidential" and/or "Attorney's Eyes Only."  The Party receiving the undesignated or improperly designated Material shall make reasonable efforts to obtain and return such Materials, and any copies thereof or materials generated therefrom, from unauthorized persons and preclude the dissemination and use of such Materials by any person to whom the receiving Party has previously disclosed the improperly designated Materials.  If the Party receiving such redesignated Material shall be unable within ten (10) business days to secure either the return of such Materials from unauthorized persons or the execution of the acknowledgement attached as Exhibit A -- provided that the recipient would otherwise be a Qualified Person to Receive Confidential Information or a Qualified Person to Receive Attorneys' Eyes Only Information, as applicable -- the receiving party shall advise the Designating Party that disclosure of previously undesignated document or other Material was made other than to Qualified Persons to Receive Confidential Information or Qualified Persons to Receive Attorneys' Eyes Only Information, as applicable, and if so, the identity of the persons to whom such disclosure was made.  Thereafter, such document or information shall be subject to the provisions of this Protective Order.

(c) In the event that the Producing Party designates previously produced Material as "Confidential" and/or "Attorney's Eyes Only," the Producing shall promptly provide a replacement copy of such Material bearing the appropriate designation.

16. <u>Identical Copies with Different Designations</u>:  In the event that a Producing Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the most restrictive designation on any copy once the inconsistent designation is known.  The Producing Party shall be responsible for informing the party receiving the documents of the inconsistent designation, provided, however, that if any person subject to this Protective Order receives such inconsistently designated information, and has actual knowledge of the inconsistent designation, the person shall treat all copies in accordance with the most

1 restrictive designation and shall notify the Producing Party of the inconsistent designation as soon
2 as practicable.

3     17.    <u>Inadvertent Disclosure of Confidential Information and/or Attorney's Eyes Only
4 Information</u>: Should any Confidential Information or Attorney's Eyes Only Information be
5 disclosed through inadvertence or otherwise to any person or Party not authorized under this
6 Protective Order, then the disclosing party shall use its best effort to bind such unauthorized
7 person to the terms of this Protective Order, as follows: the disclosing party shall: (a) promptly
8 inform the unauthorized person of all of the provisions of this Protective Order; (b) promptly
9 inform the Designating Party of the disclosure and identify all the receiving person(s); and (c)
10 promptly request the unauthorized person to return the Material and any copies thereof.

11     18.    <u>Conclusion of the Action</u>: Except as otherwise agreed by the Designating Party,
12 within sixty (60) days after the final conclusion of the Litigation, including all appeals, all Parties
13 and all Qualified Persons to Receive Confidential Information and all Qualified Persons to
14 Receive Attorneys' Eyes Only Information shall destroy all originals and copies of all Material
15 produced by other Parties, which was designated by other Parties as containing Confidential
16 Information or Attorneys' Eyes Only Information (including both paper and electronic versions),
17 and shall provide the Producing Party with an affidavit of destruction. In the alternative, the
18 receiving Party may return all originals and copies of all Materials containing Confidential
19 Information or Attorneys' Eyes Only Information to the Producing Party, shall destroy all
20 electronic copies of such Materials, and shall provide the Producing Party with an affidavit
21 confirming that all Materials containing Confidential Information or Attorneys' Eyes Only
22 Information (including both paper and electronic versions) has been returned and/or destroyed.

23     19.    <u>Contested Designations</u>: Any Party may at any time object to the designation of
24 Material as "Confidential" or "Attorneys' Eyes Only," by notifying the Designating Party in
25 writing that the Material is not properly designated as "Confidential" or "Attorneys' Eyes Only"
26 because it does not meet the standards set forth in paragraphs 4 or 5 of this Protective Order, as
27 applicable. A Party shall not be obligated to challenge the propriety of the designation at the time
28 it is made, and a failure to do so shall not preclude a subsequent challenge thereto. The Parties

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

12     Case No. C 09 03529 JSW
STIPULATED [PROPOSED] PROTECTIVE ORDER
DB2/ 23018724.1

shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting Party, after giving notice to the Designating Party, may apply to the Court for a ruling that the material not be so designated. The Designating Party bears the burden of persuading the Court that the information is in fact "Confidential" or "Attorneys' Eyes Only" as defined in this Protective Order. Until the Court rules on the motion, the material must be treated with its existing designation.

20. <u>Consent</u>: Nothing in this Protective Order shall prevent disclosure of Confidential Information or Attorney's Eyes Only Information by the Designating Party or by another Party, if the Designating Party consents to such disclosure, or if the Court, after notice to all affected Parties, orders such disclosure.

21. <u>Use of Confidential Information</u>: This Protective Order shall not be construed to prevent any person, including Qualified Persons to Receive Confidential Information and Qualified Persons to Receive Attorney's Eyes Only Information, from making use of designated Confidential Information or Attorney's Eyes Only Information which (a) was lawfully in his or her possession prior to receipt from the Producing Party and not otherwise subject to any obligation of confidentiality, (b) appears in any published material available to the general public, without fault of the Producing Party, (c) was or is hereafter obtained from a source or sources not under an obligation of confidentiality to the other Party or Parties, without fault of the Producing Party, or (d) is exempted from the operation of this Protective Order by written consent of the Designating Party.

22. <u>Subpoena for Use in Other Proceedings</u>: If any person possessing Confidential Information or Attorney's Eyes Only Information is subpoenaed by a court of competent jurisdiction in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential Information or Attorney's Eyes Only Information, the person receiving the subpoena or document demand shall: (a) give written notice by fax and e-mail as soon as practicable but within no more than five (5) business days of the receipt of such subpoena or demand to undersigned counsel for the Designating Party; and (b)

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

Case No. C 09 03529 JSW

STIPULATED [PROPOSED] PROTECTIVE ORDER

DB2/ 23018724.1

1  to the extent permitted by law, withhold production of the subpoenaed Material until any dispute
2  relating to the production of such Material is resolved.

3      23.    <u>Obligations of Outside Counsel</u>: It shall be the responsibility of Outside Counsel
4  to ensure strict compliance with the provisions of this Protective Order and to take reasonable and
5  proper steps to ensure that all provisions thereof are made known to any person who shall
6  examine Confidential Information.

7      24.    <u>Termination Of Access</u>:

8      (a)    In the event that any person or Party ceases to be engaged in the conduct of
9  these actions, such person's or Party's access to Confidential Information shall be
10  terminated, and all copies thereof shall be returned or destroyed in accordance with the
11  terms of Paragraph 18 hereof, except that such return or destruction shall take place as
12  soon as practicable after such person or party ceases to be engaged in the conduct of these
13  actions.

14      (b)    The provisions of this Protective Order shall remain in full force and effect
15  as to any person or Party who previously had access to Confidential Information, except
16  as may be specifically ordered by the Court or consented to by the Producing Party.

17      25.    <u>Nonwaiver</u>: This Protective Order is entered solely for the purpose of facilitating
18  the exchange of documentation and information among the Parties to this action without
19  involving the Court unnecessarily in the process. Nothing in this Protective Order, nor the
20  production of any information or documents under the terms of this Protective Order, nor any
21  proceedings pursuant to this Protective Order shall be deemed to have the effect of any admission
22  or waiver by either Party or of altering the confidentiality or non-confidentiality of any such
23  document or information or altering any existing obligation of any Party or the absence thereof.
24  Nothing in this Protective Order shall be deemed a waiver of: (a) any Party's right to object to
25  any discovery request on any ground; (b) any Party's right to seek an order compelling discovery
26  with respect to any discovery request; (c) any Party's right at any proceeding herein to object to
27  the admission of any evidence on any ground; (d) any privilege or protective doctrine recognized
28  under federal or California law; or (e) any Party's right to claim that any information disclosed in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

Case No. C 09 03529 JSW

STIPULATED [PROPOSED] PROTECTIVE ORDER

DB2/ 23018724.1

the Court in connection with this litigation is proprietary and/or otherwise barred from disclosure or use for any purpose. Further, nothing in this Protective Order shall be deemed to impact in any way the admissibility or introduction of any documents or information marked "Confidential" or "Attorney's Eyes Only" during trial.

26. <u>Additional Parties</u>: If an additional party joins or is joined in the above captioned case, the newly joined party shall not have access to Confidential and/or Attorney's Eye's Only Information until all parties to the above captioned case agree to a supplemental Protective Order governing the protection of Confidential and/or Attorney's Eye's Only Information.

27. This Protective Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Dated: March 9, 2012

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

/s/ Andrew C. Shen
Andrew C. Shen (*pro hac vice*)

*Attorneys for Louisiana Pacific Corporation*

Dated: March 9, 2012

MORGAN, LEWIS & BOCKIUS, LLP

/s/ Christian J. Mixter
Christian J. Mixter

*Attorneys for Deutsche Bank Securities Inc.*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: __March 9__, 2012

Honorable Jeffrey White
United States District Judge

**GENERAL ORDER 45 CERTIFICATION**

I, Christian J. Mixter, hereby attest pursuant to N.D. Cal. General Order No. 45 that the concurrences to the filing of this document has been obtained from each signatory hereto.

Dated: March 9, 2012　　　　　　　　　　MORGAN, LEWIS & BOCKIUS LLP

　　　　　　　　　　　　　　　　　　　　By　　/s/ Christian J. Mixter
　　　　　　　　　　　　　　　　　　　　　　　Christian J. Mixter

　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　*Deutsche Bank Securities Inc.*

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

Case No. C 09 03529 JSW

GENERAL ORDER 45 CERTIFICATION

DB2/ 23018724.1

# **EXHIBIT A**

ACKNOWLEDGEMENT

I, _____, declare as follows:

I understand that information deemed confidential and proprietary is going to be provided to me pursuant to the terms and restrictions of the foregoing Protective Order, dated by the Court on _____, 2012, in the case captioned *Louisiana Pacific Corporation v. Money Market 1 Institutional Investment Dealer, et al.*, United States District Court, Northern District of California, San Francisco, Case No. C 09 03529 JSW (the "Case"). I have read the Protective Order, and I agree to be bound by its terms and restrictions and to not reveal or otherwise communicate any of the information disclosed to me in connection with the Case except in accordance with the terms of the Protective Order. I consent to personal jurisdiction over me by the United States District Court, Northern District of California, San Francisco, for purposes of enforcing the Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20____.

Signature: _____

Printed name: _____

Address: _____

Morgan, Lewis & Bockius LLP
Attorneys At Law
San Francisco

DB2/ 23018724.1

1

Case No. C 09 03529 JSW

STIPULATED PROTECTIVE ORDER ACKNOWLEDGEMENT