MORGAN, LEWIS & BOCKIUS LLP
JAMI WINTZ MCKEON (SBN 237923)
jmckeon@morganlewis.com
ELIZABETH A. FROHLICH (SBN 195454)
efrohlich@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1126
Tel:     415.442.1000
Fax:    415.442.1001

MORGAN, LEWIS & BOCKIUS LLP
CHRISTIAN J. MIXTER
cmixter@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel: 202.739.3000
Fax: 202.739.3001

Attorneys for Defendant
Deutsche Bank Securities Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| LOUISIANA PACIFIC CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>MONEY MARKET 1 INSTITUTIONAL INVESTMENT DEALER, MERRILL LYNCH & CO., INC., MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, AND DEUTSCHE BANK SECURITIES INC.,<br><br>Defendants. | Case No. C 09 03529 JSW<br><br>*Assigned to the Honorable Jeffrey S. White*<br>(Courtroom 11)<br><br>**STIPULATION AND [PROPOSED] ORDER EXPANDING DEPOSITION AND INTERROGATORY LIMITS** |

1    Plaintiff Louisiana Pacific Corporation ("Louisiana Pacific") and Defendant Deutsche
2    Bank Securities Inc. ("DBSI") hereby stipulate, by and through their counsel of record, as
3    follows:
4    WHEREAS, Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C. and Saveri &
5    Saveri, Inc. ("Plaintiff's Counsel") represent Louisiana Pacific in this matter and also represent
6    another plaintiff, The Anschutz Corporation ("Anschutz"), in a separate matter entitled *The
7    Anschutz Corporation v. Merrill Lynch & Co., Inc., et al.*, Case No. 09-3780-SI (the "*Anschutz
8    Case*"), in which Anschutz asserts claims against DBSI that, like the claims in this matter, relate
9    to Anschutz's purchases of certain auction rate securities known as Cambers, Pivots and
10   Capstans;
11   WHEREAS, in its Second Amended Complaint, Louisiana Pacific asserts claims against
12   Defendants DBSI and Money Market 1 Institutional Investment Dealer ("MM1") that are related
13   to Louisiana Pacific's purchases of certain series of auction rate securities ("ARS");
14   WHEREAS, Defendant MM1 has filed for and emerged from Chapter 7 bankruptcy
15   proceedings, and Louisiana Pacific and DBSI understand that Defendant MM1 will not actively
16   participate in this litigation;
17   WHEREAS, Plaintiff's Counsel has taken the depositions of five (5) DBSI Witnesses in
18   depositions that were captioned in both the *Anschutz* Case and this case, and wishes to take
19   additional depositions in this case;
20   WHEREAS, Plaintiff's Counsel has propounded twenty-nine (29) numbered written
21   interrogatories to DBSI in the *Anschutz* Case pursuant to FRCP, Rule 33 – which Plaintiff's
22   Counsel and counsel for DBSI have agreed may be deemed propounded by Louisiana Pacific in
23   this litigation – and wishes to serve further interrogatories upon DBSI in this case;
24   WHEREAS, DBSI served Responses and Objections in the Anschutz Case to
25   Interrogatories Nos. 1 through 23 propounded in that case, which Plaintiff's Counsel and counsel
26   for DBSI have agreed shall be deemed DBSI's objections and responses in this litigation;
27   WHEREAS, to fully discover the facts surrounding Louisiana Pacific's allegations and
28   DBSI's defenses in this case, Louisiana Pacific believes that it must conduct more than the ten

1  depositions and must serve more than the 25 interrogatories permitted by FRCP, Rule 30;

2  WHEREAS, to fully discover the facts surrounding Louisiana Pacific's allegations and
3  DBSI's defenses in this case, DBSI believes that it must conduct more than the ten depositions
4  and must serve more than the 25 interrogatories permitted by FRCP, Rule 30;

5  WHEREAS, Plaintiff's Counsel and counsel for DBSI have met and conferred and agree
6  that:

7  1. Louisiana Pacific may take 20 depositions (including the five depositions already
8  taken in both the *Anschutz* Case and this case), and may serve upon DBSI a total of
9  35 interrogatories (including the twenty-nine interrogatories already served in the
10  *Anschutz* Case); and

11  2. DBSI may take 20 depositions and may serve upon Louisiana Pacific a total of 35
12  interrogatories.

13  IT IS HEREBY STIPULATED THAT:

14  1. Louisiana Pacific may take 20 depositions (including the five depositions already
15  taken in both the *Anschutz* Case and this case);

16  2. DBSI may take 20 depositions;

17  3. Louisiana Pacific may serve a total of 35 interrogatories upon DBSI (including the
18  twenty-nine interrogatories already served in the *Anschutz* Case); and

19  4. DBSI may serve a total of 35 interrogatories upon Louisiana Pacific.

21  Dated: July 11, 2012        /s/ Andrew M. Hetherington
                                Attorney for Plaintiff
22                              *Louisiana Pacific Corporation*

24  Dated: July 11, 2012        /s/ Christian J. Mixter
                                Attorney for Defendant
                                *Deutsche Bank Securities Inc.*

26  **IT IS SO ORDERED.**

27  Dated: July 12, 2012        _____
                                Honorable Jeffery S. White
28                              United States District Court Judge

STIPULATION AND [PROPOSED] ORDER EXPANDING DEPOSITION AND INTERROGATORY LIMITS
DB2/ 23333472.1