UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUISIANA PACIFIC CORP., <br><br> Plaintiff, <br><br> v. <br><br> MONEY MARKET 1 INSTITUTIONAL INVESTMENT DEALER, and others, <br><br> Defendants. | Case No. 09-cv-03529 JSW (NC) <br><br> **ORDER DENYING ADMINISTRATIVE MOTION TO SEAL** <br><br> Re: Dkt. No. 276 |

Plaintiff Louisiana Pacific moves to seal portions of its motion for default judgment, a declaration in support of its motion, and its statement of damages. These materials refer to information that Louisiana Pacific and defendant Deutsche Bank Securities, Inc. agreed would be confidential. The issue is whether Louisiana Pacific has shown compelling reasons to overcome the presumption of public access and to warrant filing these documents under seal. Because Louisiana Pacific has not articulated any reason, compelling or not, for why the specific portions of its motion should be sealed, the Court DENIES its administrative motion to seal.

## I. BACKGROUND

On February 1, 2013, Louisiana Pacific submitted to Judge White's chambers a motion for default judgment against defendant Money Market 1 Investment Dealer. In conjunction, Louisiana Pacific filed an administrative motion to seal certain portions of the

motion and supporting documents. Dkt. No. 276. Judge White referred the motion for default judgment and the motion to seal to this Court. Dkt. No. 277.

In support of its motion to seal, and in accordance with Civil Local Rule 79-5, Louisiana Pacific filed the declaration of its attorney, Andrew Shen. Mr. Shen avers that the information redacted from the motion for default judgment and supporting documents "has been deemed confidential in an agreement between LP and Deutsche Bank Securities, Inc." Dkt. No. 276-1 ¶ 3.

## II. STANDARD OF REVIEW

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In light of a weaker public interest in nondispositive materials, the "good cause" standard from Federal Rule of Civil Procedure 26(c) applies when parties wish to keep them under seal. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III. DISCUSSION

Because Louisiana Pacific's motion for default judgment is a dispositive motion, the Court applies the "compelling reasons" standard to its administrative motion to seal. *See Koninklijke Philips Electronics, N.V. v. KXD Tech., Inc.*, 347 F. App'x 275, 276 (9th Cir. 2009) (describing default judgment as "case dispositive"); *Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*, 225 F.R.D. 247, 250 (N.D. Cal. 2003) (finding a motion for default judgment a dispositive motion). Examples of compelling reasons include "the use of court

records for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. "[S]ources of business information that might harm a litigant's competitive standing" may also give rise to a compelling reason to seal. *Nixon*, 435 U.S. at 598.

Rather than requesting that entirety of its motion be filed under seal, Louisiana Pacific submits a limited number of proposed redactions. "[R]edactions have the virtue of being limited and clear." *Kamakana*, 447 F.3d 1172, 1183 (9th Cir. 2006). Nevertheless, even where there are "a limited number of specific redactions," as there is here, "a broad, categorical approach" to justifying such redactions is insufficient to meet the compelling reasons standard. *Id.* The mere existence of a protective order—or a confidentiality provision—without more, does not constitute good cause, "let alone a compelling reason," to seal. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

In support of its motion, Louisiana Pacific states that the information it seeks to seal has been deemed confidential in an agreement between it and one of the defendants in this case. It does not allege that this information is competitively sensitive, contains a trade secret, could be used for an improper purpose, or in fact, any reason—compelling, good, or bad—for why the information should be sealed. Nor does it articulate what prejudice or harm will result if the information is made public. Although the Court approves of how limited and specific Louisiana Pacific's redactions are, it has failed to overcome the presumption of public access by demonstrating compelling reasons to seal the redacted portions of its motion and supporting materials. Accordingly, the Court DENIES Louisiana Pacific's motion.

By February 19, 2013, Louisiana Pacific must submit a declaration in accordance with Civil Rule 79-5 that articulates compelling reasons to seal the individual redactions it proposes.

IT IS SO ORDERED.

Date: February 12, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge