UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LOUISIANA PACIFIC CORP., | Case No. 09-cv-03529 JSW (NC) |
| Plaintiff, | **ORDER DENYING ADMINISTRATIVE MOTION TO SEAL** |
| v. | |
| MONEY MARKET 1 INSTITUTIONAL INVESTMENT DEALER, and others, | Re: Dkt. No. 279 |
| Defendants. | |

Plaintiff Louisiana Pacific moves again to seal portions of its motion for default judgment, a declaration in support of its motion, and its statement of damages. The issue is whether Louisiana Pacific has shown compelling reasons to overcome the presumption of public access and to warrant filing these documents under seal. Because Louisiana Pacific fails to state a compelling reason why the specific portions of its motion should be sealed, the Court DENIES its administrative motion to seal.

## I. BACKGROUND

On February 1, 2013, Louisiana Pacific submitted to Judge White's chambers a motion for default judgment against defendant Money Market 1 Investment Dealer and an administrative motion to seal certain portions of the motion and supporting documents. Dkt. No. 276. Judge White referred the motion for default judgment and the motion to seal to this Court. Dkt. No. 277.

This Court found Louisiana Pacific's justification inadequate to meet the compelling reasons standard and denied its motion to seal. Dkt. No. 278. The Court ordered Louisiana Pacific to submit a declaration that articulated a compelling reason to seal the proposed redactions. On February 14, 2013, Louisiana Pacific filed a second declaration, which the Court now considers.

## II. STANDARD OF REVIEW

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Therefore, a party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "[T]he party seeking protection bears the burden of showing specific prejudice or harm will result," *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), and must make a "particularized showing . . . with respect to any individual document," *San Jose Mercury News, Inc. v. U.S. Dist. Court, N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## III. DISCUSSION

In its second declaration, Louisiana Pacific gives two reasons to justify its proposed redactions to its motion for default: (1) that the redactions are the product of court ordered mediation, and the parties agreed the resulting agreement would be confidential, and (2) that full disclosure may expose it to liability under the terms of the confidentiality agreement. Confidential settlement agreements are the type of discovery contemplated by Federal Rule of Civil Procedure 26(c), which courts have discretion to protect. *Phillips*, 307 F.3d at 1212. But, a party seeking to seal discovery subject to a confidentiality agreement must still meet its burden. *Id.* (holding that "lower courts have the authority to grant protective orders for confidential settlement agreements" but remanding to the district court to apply the proper standard to a motion to seal). The existence of a confidentiality provision, without

Case No. 09-cv-03529 JSW (NC)
ORDER DENYING MOTION TO SEAL        2

more, does not constitute good cause, "let alone a compelling reason," to seal. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

First, Louisiana Pacific again fails to state any articulable facts—for example that the material contains trade secrets or competitively sensitive information—that would create a compelling reason to seal portions of its motion. Without such facts, the confidentiality provision in its settlement agreement is insufficient justification to seal parts of Louisiana Pacific's dispositive motion.

Equally inapposite is Louisiana Pacific's argument that its proposed redactions are the product of mediation. ADR Local Rule 6-12 makes confidential "the contents of the written Mediation Statement, anything that happened or was said, any position taken, and any view of the merits of the case expressed by any participant in connection with any mediation." A mediation statement is submitted prior to the mediation, and includes information that may be useful to the mediator, describes the key liability issues, and provides documents likely to make the mediation more productive. *See* ADR Local Rule 6-7. Nothing in the ADR Local Rules indicates that the *outcome* of mediation is confidential or will not be disclosed in the context of ongoing litigation. And importantly, the outcome of the instant mediation is directly relevant to the relief Louisiana Pacific seeks from Money Market 1 in its motion for default judgment. *See Gamble v. Arpaio*, No. 12-cv-00790 PHX-GMS (LOA), 2013 WL 142260, *5 (D. Ariz. Jan. 11, 2013) (finding confidentiality provision in settlement agreement not a compelling reason to seal the settlement agreement, in particular where the agreement was "directly relevant" to a party's defense in the action.)

Second, Louisiana Pacific states that it seeks to seal the information in order to avoid liability for breaching the terms of the confidentiality agreement. But, "[a] litigant is not entitled to the court's protection from" exposure to "additional liability and litigation." *Foltz*, 331 F.3d at 1137 (holding that exposure to liability in collateral suits is not a compelling reason to overcome the presumption of public access). Therefore, Louisiana Pacific's second reason also fails to satisfy its burden to articulate a compelling reason for sealing portions of its dispositive motion.

Case No. 09-cv-03529 JSW (NC)
ORDER DENYING MOTION TO SEAL 3

1  Because Louisiana Pacific has failed to overcome the presumption of public access,
2  the Court DENIES its motion. By February 27, 2013, Louisiana Pacific must file in the
3  public record its motion for default judgment against Money Market 1 and all supporting
4  documents.

5  IT IS SO ORDERED.

6  Date: February 20, 2013

                                                Nathanael M. Cousins
                                                United States Magistrate Judge